IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tanea Wilson, etc., | Case No. 3:12 CV 2368 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Kevin J. Martin, et al., | |
| Defendants. | |

### INTRODUCTION

Pending before this Court are Defendants' Motion for Judgment on the Pleadings (Doc. 35) and Plaintiff's Opposition (Doc. 37). This Court held a hearing on December 10, 2013 (Court Reporter: Angela Nixon). For the following reasons, Defendants' Motion is denied.

### BACKGROUND

**Offense Conduct**

This case arises out of a September 20, 2010 police stop and arrest in Lima, Ohio. Police officers were responding to a fight and observed Plaintiff, who at the time was eleven years old, walking with a group of about fifteen young people. Still in their squad car, the officers followed Plaintiff and attempted to stop her. Plaintiff, who had been present when her mother was killed by police officers in 2008, allegedly extended two middle fingers in the officers' direction. After a verbal exchange, Officers Garlock and Woodworth arrested her. Plaintiff's aunt arrived on the scene and spoke to Officer Boettiger, who allegedly delayed her at the scene instead of allowing her to proceed immediately to the police station where Plaintiff had been taken.

**State Court Proceedings**

Plaintiff was charged with two counts of delinquency for allegedly committing the offenses of: (1) obstructing official business in violation of R.C. § 2921.31(A), and (2) persistent disorderly conduct in violation of R.C. § 2917.11(A)(2)(E)(3)(a). *In re TW*, 2012 WL 6562786, at *1 (Ohio Ct. App. 2012). The juvenile court adjudicated Plaintiff delinquent as to the disorderly conduct charge and not delinquent as to the obstruction charge. *Id.* The court sentenced her to 90 days of community control monitoring and six hours of community service. *Id.* Plaintiff appealed her conviction, and the Ohio appellate court affirmed her disorderly conduct adjudication, finding sufficient evidence to support a delinquency finding. *Id.*

**Procedural History**

Plaintiff filed this lawsuit against the City of Lima, Chief of Police Martin and Sergeant Godfrey in their official capacities, and Officers Garlock, Woodworth and Boettiger in their individual capacities. She alleges her arrest was unlawful and done with retaliatory intent due to the wrongful death lawsuit filed in connection with her mother's death.

This Court previously granted in part Defendants' Motion to Dismiss (Doc. 12), dismissing certain claims and defendants (Doc. 16). On interlocutory appeal, the Sixth Circuit affirmed that Order (Doc. 32). The remaining claims concern Plaintiff's allegations that Defendants Garlock, Woodworth, and Boettiger violated her constitutional rights by stopping her without reasonable suspicion and arresting her without probable cause (Counts I–III). She further alleges she was targeted for arrest as retaliation for the wrongful death lawsuit against the City, and that she had a clearly established right not to be arrested for that reason (Count VI).

## STANDARD OF REVIEW

Defendants move for judgment on the pleadings under Federal Civil Rule 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Courts review Rule 12(c) motions under the same standard as Rule 12(b)(6) motions. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 487 (6th Cir. 2006). When considering either a Rule 12(b)(6) or 12(c) motion, a court presumes that all the well-pleaded material allegations of the pleadings are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). However, a court need not accept as true legal conclusions or unwarranted factual inferences. *Id.*

Under a Rule 12(b)(6) motion to dismiss, a complaint may be attacked for failure "to state a claim upon which relief can be granted." "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When deciding Rule 12(b)(6) and 12(c) motions, a court's inquiry is limited to the content of the complaint, with the exception of matters of public record and orders. *See Crown Batter Mfg. Co. v. Club Car, Inc.*, 2013 WL 5670950, at *3 (N.D. Ohio 2013).

## ANALYSIS

### Res Judicata

Defendants argue Plaintiff's Section 1983 claims are barred by res judicata. They contend the state juvenile court proceedings resulting in Plaintiff's adjudication of delinquent now bars her Section 1983 claims. The lone case cited by Defendants, *5455 Clarkins Dr., Inc. v. Poole*, 384 F. App'x 458 (6th Cir. 2010), is inapposite. That case held that under Ohio law, the res judicata effect of a prior state court conviction for ordinance violations by adult cabaret operators precluded the

3

operators from bringing a subsequent First Amendment challenge to the ordinance in federal court. The Sixth Circuit held that the operators could have litigated their First Amendment claims in the preceding prosecution for ordinance violations. *Id.* at 463. Certainly, a challenge to the validity of the statute under which a defendant is being prosecuted can and should be raised during criminal proceedings. But, that is not this case. No vehicle existed in the juvenile proceedings for Plaintiff to raise her claims about the legality of her detention and arrest.

Defendants fail to articulate how Plaintiff's contentions that police lacked reasonable suspicion, probable cause, and were otherwise targeting her when they seized her could or should have been raised as a defense in her juvenile proceedings. Plaintiff correctly notes she was not seeking to exclude any statements or evidence arising out of the allegedly illegal seizure. She challenges only the validity of her seizure. Indeed numerous courts, including the state appellate court that considered Plaintiff's appeal, have noted that a prosecution can continue even if the original arrest was invalid. *See In re TW*, 2012 WL 6562786, at *4; *United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."); *United States v. Coleman*, 125 F.3d 856 (6th Cir. 1997) (per curiam) (in-court identification of defendant was valid in spite of illegal arrest because defendant himself is not subject to suppression); *State v. Hobbs*, 133 Ohio St. 3d 43, 49 (2012) ("[T]he appropriate remedy for a defective warrant issued subsequent to a warrantless arrest is the suppression of wrongly obtained evidence and not dismissal of the charges."). This is so because defendants themselves are not suppressable "fruit." *Crews*, 445 U.S. at 474. In other words, it would have been inappropriate for Plaintiff to raise the issue of her alleged illegal arrest, without more, in her juvenile prosecution. The illegality of her arrest alone was not a valid defense to the juvenile charges. The

fact that Plaintiff incorrectly attempted to raise the issue as a defense on direct appeal in state court is of no import.

On direct appeal of her adjudication, Plaintiff argued the trial court erred by "mischaracterizing the encounter preceding [Plaintiff's] arrest as 'consensual,' as the encounter constituted an illegal pursuit, detention, and seizure" and that it erred by "determining [Plaintiff] had been legally arrested when police officers apprehended and handcuffed her, as the arrest was unlawful" *In re TW*, 2012 WL 6562786, at *2. The court of appeals rejected these arguments because Plaintiff did not file a motion to suppress. *Id.* at *3. However, this is an incorrect reason for rejecting Plaintiff's arguments on appeal; Plaintiff was not arguing there was evidence that should have been suppressed. Later in the opinion, the court of appeals correctly noted that "[a]n illegal arrest without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *Id.* at *4 (quoting *Crews*, 445 U.S. at 474). That is a valid reason for rejecting Plaintiff's argument. In short, Plaintiff was wrong to attempt to raise these arguments to the state court of appeals. As discussed above, the only relief for the alleged illegal arrest was to seek civil relief; she could not use it as a basis to unravel her adjudication of persistent disorderly conduct.

### *Heck v. Humphrey* Preclusion

Defendants next argue Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1986), because any judgment in this Section 1983 action would imply Plaintiff's conviction for disorderly conduct is invalid.

Before police may arrest a citizen, the Fourth Amendment requires that police have probable cause to believe criminal activity is at hand. *Dunaway v. New York*, 442 U.S. 200, 212–14 (1979). If a police officer nonetheless arrests a citizen where probable cause is so absent that the officer sheds

5

his or her qualified immunity, the officer may be held accountable under Section 1983 for the wrongful arrest. *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000).

In *Heck*, the Supreme Court held that "in order to recover damages for an unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486 (footnote omitted). Therefore, even though Plaintiff is not directly challenging her state delinquency adjudication, her Section 1983 suit is barred by *Heck* if the harm she complains of would effectively invalidate her state adjudication. "The test to be applied is whether a judgment in favor of the plaintiff in the § 1983 action would *necessarily* imply the invalidity of the conviction or sentence." *Braxton v. Scott*, 905 F. Supp. 455, 457 (N.D. Ohio 1995) (emphasis in original). Applying this general rule, the *Heck* court observed in a footnote that a Section 1983 plaintiff may bring an action for damages resulting from an unreasonable search or seizure without first having the conviction set aside. 512 U.S. at 487 n.7. The Court also noted that to recover in such an action, the plaintiff must show an actual compensable injury, and that the injury must be distinct from the injury of being imprisoned if the conviction has not been overturned. *Id.*

In summary, a Section 1983 plaintiff who seeks to recover damages resulting from an illegal seizure, which led to a conviction that has not been overturned, must meet two criteria. "First, success on the § 1983 claim must not necessarily imply the invalidity of the conviction. Second, the plaintiff must allege a compensable injury other than the conviction or imprisonment which has not been overturned." *Braxton*, 905 F. Supp. at 458.

6

Here, application of *Heck* does not provide a blanket bar to Plaintiff's claims about the legality of her detention and arrest. First, a determination that the arrest was illegal would not imply that the resulting disorderly conduct adjudication was invalid because, as discussed above, an illegal arrest does not affect the validity of the subsequent conviction. *See Crews*, 445 U.S. at 474; *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Further, it is not clear Plaintiff was adjudicated delinquent for conduct which provoked her detention and arrest. Plaintiff uttered much of the profane language and threats after she was detained by the officers. *See In re TW*, 2012 WL 6562786, at *6 (describing testimony supporting Plaintiff's adjudication for disorderly conduct). Second, taking Plaintiff's allegations in her Amended Complaint as true, Plaintiff alleges compensable injuries independent of her delinquency adjudication. Specifically, Plaintiff alleges that she "suffered emotional and mental distress, grief, anxiety, inconvenience, damage to her reputation, humiliation and physical and emotional injuries" (Doc. 10 at ¶ 51). *See Braxton*, 905 F. Supp. at 458.

**Dismissal of Specific Officers**

Defendants also argue that each of the remaining Defendants should be dismissed because of their lack of involvement in the detention and arrest forming the basis of Plaintiff's remaining claims. The two arresting officers -- Officers Garlock and Woodworth -- cannot be dismissed because they were directly involved in the disputed detention and subsequent arrest. Officer Boettiger is a closer call.

*Officer Boettiger*

Defendants argue Officer Boettiger should be dismissed from this action because Plaintiff's Amended Complaint contains no allegations Officer Boettiger participated in her initial detention and subsequent arrest. Plaintiff's Amended Complaint alleges that after Officers Garlock and Woodworth initially detained Plaintiff in the cruiser, Officer Boettiger instructed Garlock to charge Plaintiff with

7

persistent disorderly conduct and take her to the Lima Police Department (Doc. 10 at ¶¶ 40–42). Plaintiff also includes allegations that Officer Boettiger delayed Plaintiff's aunt from reaching her at the police station (Doc. 10 at ¶¶ 45–46). Plaintiff's allegations that Officer Boettiger instructed the arresting officers to continue Plaintiff's arrest by bringing her to the police station are sufficiently related to the challenged illegal arrest to warrant him staying in the case.

*Officer Woodworth*

Defendants argue Officer Woodworth should be dismissed because he did not become involved in Plaintiff's arrest until after she had already been initially detained by Officer Garlock. Plaintiff's Amended Complaint alleges Officer Woodworth "joined in, assisting [Officer] Garlock in handcuffing" Plaintiff and, with Officer Garlock, "pulled [Plaintiff] to the police cruiser in handcuffs in front of her friends" (Doc. 10 at ¶¶ 32 & 34). The Amended Complaint also alleges "Officer Woodworth detained and transported [Plaintiff] to the Lima Police Department" (Doc.10 at ¶ 43). These allegations are sufficient.

*Officer Garlock*

Finally, Defendants argue Officer Garlock, who initially confronted and detained Plaintiff, should be dismissed because Plaintiff ignored Officer Garlock's verbal orders, which resulted in her arrest. However, whether Officer Garlock had reasonable suspicion to detain, and then probable cause to arrest, Plaintiff, is a question of fact and beyond the scope of a Rule 12 motion. Plaintiff's allegations are sufficient to preclude Officer Garlock's dismissal at this juncture.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (Doc. 35) is denied in its entirety.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    December 10, 2014